# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| VLOX, LLC ) | ASBCA Nos. 59305, 59306, 59307 |
| ) | 59308, 59309, 59310 |
| Under Contract No. W91B4N-09-D-5005 ) | |

APPEARANCE FOR THE APPELLANT:   Joseph A. Artabane, Esq.
    Artabane & Belden, P.C.
    Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    Stephanie B. Magnell, Esq.
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON THE GOVERNMENT'S MOTION TO DISMISS

The government requests that the Board dismiss the appeals for lack of jurisdiction because, the government contends, the payment requests that appellant submitted to the government are not "claims." We deny the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. In March 2009, the Department of the Army (government) and NLC Construction, LLC (now VLOX, LLC (appellant) (app. opp'n, ex. 1, ¶ 3)), entered into Contract No. W91B4N-09-D-5005, an indefinite delivery, indefinite quantity contract for trucking services throughout Afghanistan (mot., ex. 1 at 1, 2, 5). The contract provided for a base period and an option period (*id.* at 5-6).

2. Section E-1 of the contract, "INVOICING," requires, at paragraph 3, the contractor to submit monthly invoices that "must contain" specified information, including "Invoice Date and Number," "Taxpayer Identification Number," and "Electronic funds transfer (EFT) banking information" (gov't mot., ex. 1 at 10 of 67). Section 4.15 of the contract's statement of work (Revision B), "ECP Demurrage," provides for payment of "demurrage charges," but does not specify how to submit requests for payment of those charges (gov't mot., ex. 4 at 13).

3. From 11 October 2013 through 27 February 2014, appellant submitted to the contracting officer (CO) five separate, written requests for payment, called "Batches" 1 through 5, for "unpaid demurrage charges" allegedly incurred during the option period. (In Batch 2, dated 1 November 2013, appellant sought $4,528,125.) Each batch sought a different, specified payment amount, ranging from $3,496,500, for Batch 4 to $5,000,625, for Batch 5. Appellant called each batch a "claim," provided for each a factual and legal analysis in support of entitlement, as well as a Contract Disputes Act (CDA), 41 U.S.C. § 7103(b)(1) certification. In each batch appellant requested "that the [CO] issue a final decision in 60 days granting this claim." (App. opp'n, exs. 2, 4, 9-11)

4. On 27 March 2014, the CO issued a final decision upon Batch 2. The final decision referenced appellant's "claim dated 01-Nov-13," and stated that "[t]he Government hereby acknowledges your claim in the amount of $4,528,125.00." The CO found that appellant was entitled to $3,291,750, and recited appellant's rights to appeal the final decision. (App. opp'n, ex. 15 at 1, 3)

5. On 1 April 2014, appellant responded to the CO's 27 March 2014 final decision. The response offered "additional documentation" in support of Batch 2, and requested that the CO "reconsider his position." (App. opp'n, ex. 23 at 1, 3)

6. On 10 April 2014, appellant submitted to the CO a written request for payment in the amount of $5,890,500, for what it called "Batch 6," for unpaid demurrage charges for the option period. As with Batches 1 through 5, appellant called Batch 6 a claim, provided a factual and legal analysis supporting entitlement, provided a CDA certification, and requested that the CO "issue a final decision in 60 days granting [the] claim." (App. opp'n, ex. 16 at 1, 11)

7. On 6 May 2014, the CO issued a final decision revoking the 27 March 2014[1] final decision, and stating that the government was in the process of reviewing appellant's additional documentation (app. opp'n, ex. 19).

8. The CO did not issue any decisions upon Batches 1, 3, 4, 5, and 6.

9. On 12 May 2014, appellant filed these appeals.

---

[1] In an apparent typographical error, the CO referred to the 27 March 2014 final decision as dated "19 Mar 14" (app. opp'n, ex. 19).

# DECISION

The government contends that appellant's payment requests – Batches 1 through 6 – are not claims because they are appellant's "initial" requests for payment and, therefore, not in dispute. The government's position is that Batches 1 through 6 could be claims only if appellant had previously submitted payment requests that the government did not pay in full, creating a pre-existing payment dispute. Because that did not happen, the government contends, Batches 1 through 6 are not claims, and we do not possess jurisdiction to entertain the appeals. We conclude that Batches 1 through 6 are claims.

A "claim" is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." Federal Acquisition Regulation (FAR) 2.101. A "voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim." *Id.* However, a pre-existing dispute is not required; an undisputed, non-routine written demand seeking payment as a matter of right can be a claim. *Reflectone, Inc. v. Dalton,* 60 F.3d 1572, 1576-77 (Fed. Cir. 1995). Relevant to whether a submission is a claim is how the parties treat it; for example, reference to a submission as a claim, a request for a CO's final decision, and the issuance of a CO's final decision upon the submission, are indications that the submission is a claim. *See James M. Ellett Construction Co. v. United States,* 93 F.3d 1537, 1546 (Fed. Cir. 1996); *Contract Cleaning Maintenance, Inc. v. United States,* 811 F.2d 586, 592 (Fed. Cir. 1987); *Taj Al Safa Company,* ASBCA No. 58394, 13 BCA ¶ 35,278 at 173,158.

Importantly, even if they are appellant's first payment requests, Batches 1 through 6 are claims because they are non-routine written demands for payment of sums certain as a matter of right. Appellant used the term "claim" to describe each of the batches, and demanded payment as a matter of entitlement, in sums certain (SOF ¶¶ 3, 6). Each includes a factual and legal narrative supporting entitlement, a certification, and a request for a CO's final decision (*id.*). Moreover, the CO treated Batch 2 as a claim by issuing two final decisions that expressly refer to that batch as a claim (SOF ¶¶ 4, 7). That was not a passing reference; in the 27 March 2014 final decision the CO even recited appellant's appeal rights (SOF ¶ 4). In these respects, appellant's submissions are like claims in *James M. Ellett Construction,* 93 F.3d at 1546 (certification, request for CO decision), and *Contract Cleaning Maintenance,* 811 F.2d at 592 (government reference to submission as claim). By contrast, they do not resemble the "invoices" that the contract requires for monthly payment requests; for example, appellant did not assign invoice numbers to them, and they do not include taxpayer identification numbers or EFT banking information.

3

In addition, it is reasonable to infer that the government viewed Batches 1, 3, 4, 5, and 6 as it did Batch 2; that is, as claims. Each of those batches pre-dates the CO's 6 May 2014 revocation decision, and only Batch 6 post-dates the 27 March 2014 decision. Therefore, it is reasonable to infer that the government viewed all six batches as a series of related claims, if not six parts of the same claim. Indeed, there is no qualitative difference among Batches 1 through 6. Each seeks payment of demurrage charges for the option period. Each uses the term "claim" and requests a CO's final decision. Each, at least according to the government, seeks payments that appellant had not previously requested. Yet, at least as late as 6 May 2014, the government regarded one of those batches – Batch 2 – unequivocally as a "claim." We find no reason to find that the government regarded any of the other batches any differently, and find that Batches 1, 3, 4, 5, and 6 are also claims.

For these reasons, the Board denies the government's motion. Within 21 days of the date of this decision, the parties shall file a jointly-proposed schedule for further proceedings.

Dated: 3 September 2014

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59305, 59306, 59307, 59308, 59309, 59310, Appeals of VLOX, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals